# Wytheville.

### BISSELL v. HOOD.

#### June 11, 1903.

1. EQUITY PRACTICE—*Failure to Pass on Exceptions to Commissioner's Report.*—The confirmation of the report of a commissioner in chancery, without formally passing on the exceptions thereto, is harmless error, unless the court ought to have sustained the exceptions and rendered a decree in favor of the exceptant.

2. EQUITY PRACTICE—*Commissioner's Report—Weight—Conflicting Evidence.*—The sole question involved being whether or not the conduct of a business by two persons for a given period resulted in a profit or loss, and the commissioner to whom the question was referred having found that there was a loss, and this finding having been approved by the trial court, its action will not be reversed on appeal where the evidence is conflicting, and the correctness of the finding of the commissioner is dependent upon the weight to be given to the evidence.

Appeal from a decree of the Law and Equity Court of the city of Richmond, pronounced June 11, 1902, in a suit in chancery, wherein the appellant was the complainant, and the appellee was the defendant.

*Affirmed.*

The opinion states the case.

*Christian & Christian* and *J. Preston Carson*, for the appellant.

*Rev. T. Crump* and *Overton Howard*, for the appellee.

HARRISON, J., delivered the opinion of the court.

The record shows that the appellee, W. T. Hood, has been for

many years the owner of a nursery for the planting, propaga-
tion, and sale of fruit and ornamental trees, the business being
conducted under the style of W. T. Hood & Co. It appears
that the appellee was an experienced and practical man in the
conduct of the nursery business, but possessed no skill or ex-
perience in book-keeping or conducting in other respects the
affairs of an office. The appellant, E. H. Bissell, was an ex-
perienced clerical and office man, especially conversant with the
agencies usually employed in the disposition of nursery stock,
and had been at times, for some years prior to the date of this
controversy, employed by the appellee at his office. On the
30th of December, 1898, the parties mentioned entered into
an agreement for the conduct of this nursery business on their
joint account for the year 1899. This contract was reduced to
writing, and contains 25 clauses.

It provides that for the year 1899 the appellee was to have
charge of the nurseries, and the appellant to have charge of the
office, and to superintend the agents employed to sell and dis-
pose of the trees. The part to be performed by each is set forth
with particularity, and specific mention made of the sources
from which the income was to be derived, the items of expense
of the business, and how the same were to be charged, with ex-
plicit directions as to the division between them of the net
profits at the end of the year, each being allowed in the mean-
time to draw a salary of $75 per month, which was to be
charged to expense.

The twenty-third clause of the contract provided that, if the
business of the year 1899 showed a profit, the contract was to
be renewed for another year from January 1, 1900, subject in
every respect to the same conditions and restrictions. At the
end of the year 1899 a controversy arose between the parties
as to whether there had been a profit in the business of that
year, with the result that the bill in this case was filed by E. H.
Bissell, setting forth the contract, and claiming that it consti-

tuted a partnership between himself and W. T. Hood; that there had been a profit in the business for the year 1899, in which he was entitled to share, and that such profit also entitled him to a renewal of the contract for another year; that he had been excluded from any further participation in the business by the appellee and all of his rights under the contract ignored.

The bill asked that the appellee be enjoined from carrying on the business without the co-operation of appellant; that, if necessary to the ends of justice, the partnership be dissolved, and a receiver be appointed to take charge of the assets and wind up its affairs, so that the respective interests of the parties in the assets and business might be ascertained and settled by decree, and that all proper accounts be taken, and general relief granted.

To this bill the appellee, who was defendant in the court below, filed two pleas. The first denies that appellee entered into a contract of partnership with the appellant, and insists that the contract filed with the bill was merely an agreement to employ the appellant upon a certain consideration, with a further provision for a share in the profits of the business for the year 1899 as additional compensation for his services. The second plea avers that the business conducted by appellant under the style of W. T. Hood & Co. did not show a profit for the year 1899 after providing for the payments and expenses set out in the contract.

The court declined to pass upon a motion to strike out plea No. 1, or upon any question raised on the pleadings, and for the purpose of deciding the issue of fact joined under plea No. 2 referred the case to one of its commissioners to ascertain the profits, if any, made from the business of W. T. Hood & Co. during the year 1899.

Under the agreement between the parties there could be no recovery in this case unless the business for 1899 showed a

profit.   Whether or not there was such a profit is put directly in issue by plea No. 2.   In determining that fact it was wholly immaterial whether or not the contract created a partnership, for the only matter that could be affected by that question was whether the monthly withdrawals of $75 by each should be charged to expense.   The contract itself settled that question by expressly providing that such withdrawals should be so charged.

No question of law is presented.   The sole inquiry raised by the record is whether or not the business of W. T. Hood & Co. showed a profit for the year 1899.   The solution of that question has called forth a mass of conflicting testimony that is made part of the record.   A learned and experienced commissioner has made two elaborate reports based upon the evidence, settling the accounts involving the business of the parties for the year 1899.   In both of these reports he finds that there was a loss.   The learned judge of the court below, after full consideration of the entire record, has reached the conclusion that there was a loss, and has denied the relief sought.   Objection is made that the lower court refused to pass upon the method of accounting or course of reasoning pursued by the commissioner, and declined to pass upon any of the exceptions taken to the reports.   The decree appealed from shows that the court considered the case upon both reports of the commissioner, together with the testimony, exhibits, and papers returned therewith, and upon the several exceptions taken thereto by both plaintiff and defendant.   The decree then proceeds as follows:   "Upon consideration whereof the court is of opinion that it is unnecessary to pass upon the method of accounting, or the course of reasoning by which the said commissioner reached his conclusion.   And the court being further of opinion from this present report of Commissioner Guy, as well as from his former report, and from the evidence and papers returned with each of said reports, and from the proceedings in this cause, that the conclusion of the commissioner in his second report is correct,

the court, without formally passing upon any or all of the exceptions filed by complainant and by defendant, approves and confirms the conclusion . . . that under the contract between the parties . . . no profit was made during the year 1899 in the business of W. T. Hood & Co."

It thus appears that the court did not pass upon the course of reasoning of the commissioner or the exceptions in detail, because it was not thought necessary, as the court was satisfied upon the whole record that the plaintiff had failed to make out his case. While the court did not in words overrule the exceptions, it in effect did so. Unless, however, the court ought to have sustained the exceptions, and thus made a decree in favor of the plaintiff necessary, its failure to formally overrule them is harmless error. *Bristol Iron & S. Co.* v. *Thomas,* 93 Va. 396, 25 S. E. 110.

The several assignments of error set forth in the petition for appeal consist of objections to the allowance of certain items and the disallowance of others by the commissioner in his statement of accounts. .

The propriety of the commissioner's action in the particulars mentioned depends upon the weight to be given a large mass of conflicting evidence. It is manifest that no useful purpose would be served by attempting to enter here upon a detailed consideration of the account stated by the commissioner, or of the voluminous evidence returned by him with his two reports. To do so would prolong this opinion beyond reasonable limits, without at all promoting the ends of justice, and without possible benefit to either party concerned.

We have given the entire record a careful consideration, and feel satisfied that the appellant has not been prejudiced by the decree complained of. It appears to us that the commissioner has stated the account according to the true intent and meaning of the contract between the parties, dealing liberally with the appellant by solving, as stated in his second report,

every doubt in his favor, and that his conclusions are sustained by the evidence. To give effect to the views urged on behalf of the appellant in support of his several exceptions to the reports would involve a wide departure from the contract, if not a total disregard of its terms.

For these reasons the decree appealed from must be affirmed.

*Affirmed.*